UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PANAGIOTA HEATH                                             CIVIL ACTION

VERSUS                                                      NO. 13-4978-SS

SOUTHERN UNIVERSITY SYSTEM
FOUNDATION, et al

## ORDER

ELAASAR'S MOTION FOR SUMMARY JUDGMENT (Rec. doc. 40)

    **GRANTED IN PART AND DENIED IN PART**

FOUNDATION'S MOTION FOR SUMMARY JUDGMENT (Rec. doc. 41)

    **GRANTED**

PLAINTIFF'S MOTION TO STRIKE (Rec. doc. 43)

    **DENIED**

## PROCEDURAL BACKGROUND

On July 3, 2013, Panagiota Heath ("Heath") filed a complaint against Southern University System Foundation d/b/a Southern University at New Orleans ("The Foundation") and Mostafa Elaasar ("Elaasar"). Relief was sought under Title VII, 42 U.S.C. § 2000e, and 42 U.S.C. § 1983. Rec. doc. 1. the Foundation answered and denied that it employed Elaasar. Rec. doc. 5.

Heath moved to amend her complaint and substitute the Board of Supervisors of the University of Louisiana System for the Foundation ("The Board of Supervisors"). Rec. doc. 8. The motion was granted. Rec. doc. 11. A first amended complaint was filed naming the Board of Supervisors as a defendant and identifying it as the employer of Heath and Elaasar. The first amended complaint prayed that The Board of Supervisors be cited and served. It sought judgment against the Board of Supervisors but not against Elaasar. Rec. doc. 12. A summons

was issued to Board of Supervisors. Rec. doc. 13. It was served on October 29, 2013. Rec. doc. 16. The Board of Supervisors did not respond to the first amended complaint.

Although no relief was sought against the Foundation in the first amended complaint, it answered and denied it was a proper defendant. Rec. doc. 18. On January 17, 2014, Heath moved to substitute, The Board of Supervisors for the Southern University System ("The Southern University System") for the Board of Supervisors. Rec. doc. 29. This motion was granted. Rec. doc. 32. A summons was issued to the Southern University System. Rec. doc. 33. There is no evidence that it was served.

On February 5, 2014 a consent to proceed before a magistrate judge was filed. Heath's counsel signed it on October 8, 2014, the Foundation's counsel signed on October 9, 2014, and Elaasar's counsel signed on February 3, 2014. No one signed for either the Board of Supervisors or the Southern University System. Rec. doc. 35.

On February 18, 2014, Elaasar filed an answer. Rec. doc. 37. The next day the pretrial conference was set for December 18, 2014. The trial was set for January 5, 2014. The participants at the scheduling conference were counsel for Heath, the Foundation and Elaasar. Deadlines for witness and exhibit lists were set in the scheduling order. Rec. doc. 37.

Heath filed witness and exhibit lists. Rec. docs. 38 and 39. Defendants did not.

### **FOUNDATION'S MOTION FOR SUMMARY JUDGMENT**

The Foundation urges that its motion for summary judgment should be granted because: (1) Heath did not exhaust her administrative remedies before asserting her Title VII claim; and (2) The Foundation has no employment relationship with Heath. Rec. doc. 41. Heath acknowledges that: (1) she incorrectly named the Foundation as a defendant; and (2) she mistakenly concluded that the Board of Supervisors was the correct defendant. She cites email

with counsel for the Foundation indicating that he would answer when Heath named the defendant who employed Heath and Elaasar. In response to communications from counsel for Heath, counsel for Elaasar reported that the entity overseeing Southern University in New Orleans had not been named.

Heath requests that the Court permit discovery before ruling on the dispositive motions. Heath's request for discovery is denied.

Heath contends that the Southern University System should not be dismissed because it was properly substituted as a defendant and it had actual and timely notice. There is no motion requesting that the Southern University System be dismissed.

There is no basis to deny the Foundation's motion for summary judgment. It is not the employer for either Heath or Elaasar. Heath was on notice when the Foundation filed its answer on September 18, 2013 that it was not the proper defendant. The Foundation's motion for summary judgment will be granted.

## ELAASAR'S MOTION FOR SUMMARY JUDGMENT

Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue. Cruce v. Brazosport Independent School District, 703 F.2d 862, 863-64 (5th Cir. 1983); and Dao v. Auchan Hypermarket, 96 F.3d 787, 788-89 (5th Cir.1996). There is no allegation in Heath's first amended complaint that she obtained a right to sue letter from the EEOC.

Elaasar contends that he is an employee and cannot be liable to Heath in his individual capacity under Title VII. Grant v. Lone Star Co., 21 F.3d 649, 651-52 (5th Cir. 1994) ("individuals who do not otherwise qualify as an employer cannot be held liable for a breach of

Title VII"). Heath does not respond to this argument. Elaasar also contends that under Title VII agents of employers may be sued in their official capacities, but an action cannot proceed against both a corporation and its officer in his official capacity. Settle v. Flower, 1995 WL 15353, at *1 ("Title VII does not impose personal liability on the agents of employers."). Heath does not respond to this argument.

Elaasar's motion for summary judgment on Heath's claim under Title VII will be granted.

Elaasar argues that neither the original complaint nor the amended complaint request any relief against Elaasar individually. There is no mention of Elaasar in Heath's prayer for relief. All relief is sought against the Board of Supervisors (or considering the order of substitution [Rec. doc. 32] the Southern University System). Rec. doc. 12.

Heath responds that in her original and amended complaint she accused Elaasar of discriminatory and retaliatory acts and creation of a hostile work environment. She alleges that (1) Elaasar was her supervisor at SUNO; (2) Elaasar is sued in his personal capacity as Heath's direct supervisor; (3) Elaasar's violations of Heath's constitutional rights are attributable to Southern University System; and (4) the failure to seek any relief against Elaasar can resolved with an amendment. Rec. doc. 47.

Heath is attempting to assert claims against Elaasar and the Southern University System for violations of Heath's constitutional rights under Section 1983. The Court declines to comment on whether Heath has stated such a claim.

An issue is whether the Court should delay ruling on Elaasar's motion for summary judgment as to the Section 1983 claim and permit Heath to amend to seek relief against Elaasar. Even though the deadline for amending pleadings expired on April 20, 2014, Elaasar's motion

for summary judgment will be denied in part.  Heath will be granted leave to amend solely for the purpose making a specific demand for relief against Elaasar.

### SOUTHERN UNIVERSITY SYSTEM

Heath will be given 30 days to serve the Southern University System.  After the Southern University System appears, its consent to proceed before a magistrate judge will be solicited.  If it consents, a new scheduling order will be entered.  If it does not consent, the case will proceed before the District Judge.

IT IS ORDERED that: (1) the Foundation's motion for summary judgment (Rec. doc. 41) is GRANTED; (2) Elaasar's motion for summary judgment (Rec. doc. 40) is GRANTED in PART and DENIED in PART as provided herein; (4) **within 14 days of the entry of this order,** Heath shall amend her complaint to seek relief against Elaasar; (5) **within 30 days of the entry of this order**, Heath shall file proof of service of the summons and first amended complaint on the Southern University System; (6) Heath's motion to strike witnesses and exhibits is DENIED; and (7) the pretrial conference and trial are continued to be reset.

New Orleans, Louisiana, this  24th  day of November, 2014.

                                                  **SALLY SHUSHAN**
                                                  **U.S. Magistrate Judge**